**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BOLLINGER LAROSE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-4240** |
| **RAYTHEON COMPANY ET AL.** | **SECTION: "S" (1)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that Raytheon Company's motion to transfer the case is **GRANTED**, and the case is **TRANSFERRED** to the United States District Court for the District of Rhode Island. (Document #10.)

**I. BACKGROUND**

Bollinger Larose, L.L.C. (Bollinger) filed a complaint against Ratheon Company (Raytheon), *in personam*, and OSV ROSEANNA, Official Number 599608, its engines, tackle, equipment, and furnishings, etc., *in rem*, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

Raytheon, a defense contractor, entered a contract with Bollinger to install a new maritime defense system aboard the OSV ROSEANNA, a vessel chartered by Raytheon for testing purposes. The agreement was a "Defense Priority and Allocation System" purchase order, rated DOA7. A DO rating is assigned to programs that are vital to national defense and

takes priority over non-DO orders. Bollinger was to perform the work for a fixed price of $698,437. Bollinger sought $188,000 for additional expenses incurred at the drydock in New Orleans, which it alleges that Raytheon committed to pay. Raytheon declined to pay the additional sum because the contract was for a fixed price.

Raytheon filed an action in the United States District Court for the District of Rhode Island, seeking a declaration that it was not liable under the contract to Bollinger for additional sums. See Raytheon Company v. Bollinger Shipyards, Inc.. (No. 05-0371, filed August 29, 2005). Bollinger filed this action on September 26, 2005, alleging that it has not been paid for labor services, repairs, and related necessaries it provided to OSV ROSEANNA. Bollinger recorded its maritime lien against the vessel with the National Vessel Documentation Center. Bollinger agreed to withhold the arrest of the OSV ROSEANNA while the parties negotiated a resolution.

## II. DISCUSSION

Raytheon filed a motion to transfer the case to the United States District Court for the District of Rhode Island. Raytheon contends that the first-to-file rule is applicable because the issues overlap with those presented in the previously filed Rhode Island case: whether Raytheon is liable to Bollinger under the contract for the additional amount.

"The first-to file rule is a discretionary doctrine." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." Save Power Ltd. v. Syntek

Finance Corp., 121 F.3d 947, 950 (5th Cir. 1997). "[W]here duplicative issues and parties exist in two cases the court with the first case should resolve the issues between the parties and the second court should defer." Save Power, Ltd, 121 F.3d at 950 (internal quotation and citation omitted).

Bollinger contends that the declaratory judgment filed in Rhoda Island presents an exception to the "first-to-file" rule because it was filed in anticipation of this action and in an effort to deny Bollinger its choice of forum. Bollinger argues that Raytheon was on notice that Bollinger had demanded additional payment and intended to pursue recovery if payment was not made. Bollinger also argues that the United States District Court in Rhode Island is not the proper venue and that it lacks *in personam* jurisdiction over Bollinger.

In order to warrant an exception to the first-filed rule, the party objecting to jurisdiction must show compelling circumstances. See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). "In determining whether compelling circumstances exist, [courts] have recognized that for declaratory judgment actions one equitable consideration . . . is whether the . . . action was filed in apparent anticipation of the other pending proceeding." Id. (internal quotation and citation omitted). Although the likelihood of a jurisdictional dispute in the first-filed court may be a factor to consider in applying the first-to-file rule, the resolution of jurisdictional issues is reserved only for the first-filed court. See Cadle Company, 174 F.3d at 605.

The court finds that Bollinger has not sustained its burden of showing compelling circumstances to warrant an exception to the first-to-file rule. The cause of action underlying

both suits is a claim for the cost of services performed by Bollinger that exceed the contract price. The district court in Rhode Island where the action was first filed is the appropriate court to determined whether the declaratory judgment action was filed in anticipation of this subsequently filed case in order to deprive Bollinger of its choice of forum. See Cadle Company, 174 F.3d at 606. Although Bollinger contends that the Rhode Island court lacks *in personam* jurisdiction, the disposition of that issue is reserved for the court where the case is first filed. Id. Accordingly, the motion to transfer the case is granted, and the case is transferred to the United States District Court for the District of Rhode Island.

New Orleans, Louisiana, this 17th day of August, 2006.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**